# U.S DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK



**Herrera-Grillet, Iverson Jose**

**VS**

**U. S Immigration And Customs Enforcement**          A #241989047

**Batavia Field Office**                                   24 CV 6704

### *WRIT OF HABEAS Pursuant to 28 U.S.C. 2241 and 28 U.S.C.2243*

Now Comes Mr. Herrera-Grillet pro-se as *Petitioner,* Herrera-Grillet, Iverson Jose petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents. Petitioner submits this Memorandum of law in Support of the Petition for a Writ of Habeas Corpus.

As the Supreme Court held in Zadvydas v. Davis, 533 U.S. 678 (2001), noncitizens cannot be detained indefinitely if the government is unable to carry out their removal. Instead, detention after a final order of removal is authorized only when removal is reasonably foreseeable. As a guide to courts, a presumption that detention after a final order of removal was permissible for six months. Detention after a final order may be unlawful even when six months have not passed, particularly if it is clear that the United States will not be able to effect a noncitizen's removal. But after that six-month period, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." And the longer a noncitizen has been detained, the stronger the government's showing must be.

Petitioner is entitled to release under the framework of Zadvydas unless the government promptly demonstrates that there is a significant likelihood of removal in the reasonably foreseeable future.

Petition for a Writ of Habeas Corpus, Post Order Custody Review a written Request to be Release on the Order of Supervision. There is no Significant likelihood of removal in the reasonably foreseeable future where a foreign country delay in issuing travel documents is so extraordinarily long that the delay itself warrants an inference that the documents will likely never issue, also there is no Significant likelihood of removal in the reasonably foreseeable future where the detainee country of origin refuses to issue travel documents. The Due Process Clause applies to all persons in the United States whether their presence here is lawful, temporary, or permanent. We the people of the United States, in order to form a more, perfect union, establish justice, insure domestic tranquility, provide for the common defense, promote the general welfare,and secure the blessings of liberty to ourselves and prosperity, do ordain and establish this constitution for the estates of America.

Pursuant to C.F.R. 241.4(e):

- Travel documents for the alien are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practiable or not in the public interest;
- The detainee is presently a non-violent person;
- The detainee is likely to remain non-violent if released;
- The detainee is not likely to pose a threat to the community following release;
- The detainee is not likely to violate the conditions of release; and
- The detainee does not pose a significant flight risk if released.

### *In accordance to C.F.R. 241.4(e):*

- Travel documents for Mr. Herrera-Grillet are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practicable or not in the public interest; therefore there is no significant likelihood of removal in the foreseeable future Mr. Herrera-Grillet has been detain, for more than 180 days [six months]; based upon no available Travel Document, Therefore ICE has no significant likelihood that Mr. Herrera-Grillet will be removed in the reasonably foreseeable future, removal of Mr. Herrera-Grillet is no longer reasonably foreseeable after six months, Therefore continued detention is no longer authorized, furthermore prolonged civil detention indefinitely violates Mr. Herrera-Grillet right to the due process clause. The due process clause of the fifth amendment forbids the government from depriving any "person" of liberty "without due process of laws U.S. CONST. Amend v. freedom from imprisonment from government custody, dentention or other forms of physical estraint-lies at the heart of liberty" that the due process clause protects. There is no Significant likelihood of removal and ICE is not likely to remove Mr.Herrera-Grillet in the near future.

- The detainee is presently a non-violent person; Mr. Herrera-Grillet doesn't produce a violent

 history there is no violent convictions on Mr. Herrera-Grillet criminal history.

(3)  Mr. Herrera-Grillet is likely to remain non-violent if released;

(4) Mr. Herrera-Grillet is not likely to pose a threat to the community following release;

 Mr. Herrera-Grillet is a hard construction working individual. Mr. Herrera-Grillet is suitable for release. Mr. Herrera-Grillet will be residing of [**address** 6940 MW 186Th St 330/5 Hiale AH Florrida with his family and will sufficiently be a part of the community. Mr. Herrera-Grillet doesn't pose APt=427 a danger to the community nor is he a flight risk and he will not pose a threat to national security.

(5) Mr. Herrera-Grillet is not likely to violate the conditions of release; Mr. Herrera-Grillet will show up to all hearings as required, as well as comply with all restrictions and conditions of release.

• Mr. Herrera-Grillet does not pose a significant flight risk if released. Mr.Herrera-Grillet has no history of escape, Mr Herrera-Grillet will appeared at all court appearances, as well as report on a regular basis to a designated law enforcement agency as required.

Petitioner respectfully requests that this Honorable court use its authority under 28 U.S.C 2243 to order the Respondents to file a return within three days, unless they can show good cause for additional time. See  28 U.S.C. 2243 (stating that an order to show cause why a petition  for a writ of  habeas corpus should be denied is returnable "within three days unless for good cause additional time, not exceeding twenty days, is allowed").

In order to permit full judicial review of the claims herein and requested relief, Petitioner respectfully requests that the Court order Respondents not to transfer Petitioner outside the jurisdiction of this Court pending consideration of this Petition.

## STATEMENT OF FACTS

Petitioner See. [Attechment]


 Petitioner's indefinitely detention violates the detention statute and is unconstitutional. Petitioner indefinite continued detention is unlawful, and Petitioner is unlikely to be removed in the reasonably foreseeable future. Therefore, Petitioner's detention violates the statute and he is entitled to immediate release.

## ARGUMENT

This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA")  101-507, 8 U.S.C. 1101-1537, amended by the illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-1570.

This Court has jurisdiction under 28 U.S.C.S. 2241, the Suspension Clause, U.S. Const. Art. I~9, cl. 2, and 28 U.S.C.S. 1331, as Petitioner is presently in custody in under color of the United States, and  Petitioner's custody is in violation of the Constitution, laws, or  treaties of  the United States. See Zadvydas, 566 U.S. 678. This Court may grant relief under 28 U.S.C.S. 2241 (habeas corpus), 5 U.S.C.S. 702 (establishing the right of  review for a person suffering a legal wrong due to agency action), and 28 U.S.C.S. 1651 (All Writs Act).

The Due Process clause applies to all persons in the United States, "whether their presence here is lawful, unlawful, temporary, or Zadvydas 533 U.S. at 693. In Zadvydas, the Supreme Court emphasized, "[f]reedom from imprisonment-from government custody, detention, or other forms of physical lies at the heart of the liberty that [the Due Process] Clause protects." 533 U.S. at 690 (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)). The Court noted. "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." Id.; see also Plyer v. Doe, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of  law by the Fifth

and Fourteenth Amendments.").

Under 8 U.S.C. 1231(a)(2), noncitizens subject to final orders of removal "shall" be detained during the first 90 days-the "removal period"-and they "shall" be removed during that period under 1231(a)(1). Under 8 U.S.C. 1231(a)(6), the government "may" continue detention beyond the 90-day removal period if a noncitizen falls within certain broad categories of removability or is determined "to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. 1231(a)(6).

In Zadvydas, the Supreme Court construed 8 U.S.C. 1231(a)(6) to authorize detention only where it is significantly likely that removal will occur in the reasonably foreseeable future, in order to avoid the serious due process concerns that would be presented by permitting detention for an indefinite period of time. Zadvydas, 533 U.S. 678. After a noncitizen meets his or her initial burden to show that no such likelihood of removal exists, the burden shifts to the Government to "respond with evidence sufficient to rebut [the alien's] showing." Id. at 701.

Court have rejected conclusory claims by ICE agents which claim, without submitting concrete factual information about scheduled flights or repatriation agreements, that removal is imminent. "[A] theoretical possibility of eventually being removed does not satisfy the government's burden once the removal period has expired and the petitioner establishes good reason to believe his removal is not significantly likely in the reasonably foreseeable future." Balza v. Barr, No. 6:20-CV-00866, 2020 WL 6143643, at *5 (W.D. La. Sept. 17, 2020) (internal quotation marks and citation omitted). "[I]f [ICE] has no idea of when it might reasonably expect [Petitioner] to be repatriated, [a] Court certainly cannot conclude that [a] removal is likely to occur-or even that it might occur-in the reasonably foreseeable future." Id. at *5 (internal quotation marks and citation omitted). See also, Gomez Barco v. Witte, No. 6:20-CV-00497, 2020 WL 7393786 (W.D. La. Dec. 16, 2020) (ordering release of a petitioner who was detained longer than six months because ICE had not been able to secure necessary travel documents, noting that the ICE officer "clearly has no factual basis for his 'belief' that there is no foreseeable impediment to Petitioner's removal or that her removal is imminent," and that there was no foundation for the "expectation" that the COVID-19 related travel restrictions in place would soon be lifted); Balza v. Barr, No. 6:20-CV-00866, 2020 WL 6064881 (W.D. La. Oct. 14, 2020) (same). In granting Ms. Blaza's release, the court considered and rejected a conclusory declaration by a ice assistant field officer that removal was imminent id. at *5. in Alexis v. smith the petitioner Mr. Alexis had been in detention for almost a year and subject to a removal order for over a year. An ice official testified to an informal agreement that permitted removals but acknowledged that there were far fewer removals to Haiti in the aftermath of the 2010 hurricane. The Haitian government had an issue with identity documents and it was unknown when that would be resolved. The magistrate did not credit ICE's vague statements that it was "endeavoring to rectify the issue" and conclude there was no end in sight for detention, and recommended release. The district court judge agreed and ordered release. ICE the release Alexis on an order of supervised release and moved to get the judgment vacated on mootness, witch it was. However, this does not invalidate the reasoning and conclusion of the magistrate judge and district court judge on this subject, and this case is still informative and persuasive to the body of law on this subject. Alexis v. Smith no CIV .A. 11-0309, 2011 WL 3924247 (W.D. La. Aug. 3, 2011) report and recommendation adopted, No. CIV .A. 11-0309, 2011 WL 3954945 ( W.D. LA. Sept. 6,

2011) vacated, No. CV 11-0309, 2011 WL 13386020 ( W.D. La. Sept. 15, 2011 ).

Courts in this District have – pursuant to Zadvydas – released individuals who have been detained for over six months. See, e.g Gomez Braco, 2020 WL 7393786 (ordering release of an immigrant detainee who was a native and citizen of Venezuela who was detained longer than six months because ICE had not been able to secure necessary travel documents) ; Blaza, 2020 WL 6143643, at *5 ( ordering release of petitioner and noting that "[a]fter more than a year of detention, petitioner's removal need not necessarily be imminent but it cannot be speculative") (internal quotation marks omitted)

Under Zadvydas, courts have found that there is no significant likelihood of removal and granted relief where:

- No country will accept the petitioner. See, e.g., Jabir v. Ashcroft, No. 03-2480, 2004 WL 60318 (E.D. La. Jan. 8, 2004) (granting habeas relief to petitioner detained  for more than fourteen months after numerous countries refused to repatriated the petitioner).
-  The petitioner's country of  origin refuses to issue travel document. See, e.g., Alexis v. Smith, No. 11-0309, 2011 WL 3924247 (W.D. La aug. 3, 2011) ( granting habeas relief to petitioner detained for approximately one year due to the Haitian government rejecting the quality of identity documents provided) Fermine v. Dir. Of Immigr. & Customs Enf't, No. 2:06-cv-1578, 2007 WL 2284606 (W.D. La. May 23, 2007) ( granting habeas relief to petitioner detained for fifteen months due to Trinidad's refusal to issue travel documents); Lijadu v. Gonzales, No. 06-1208, 2006 WL 3933850 (W.D. La. Dec. 18, 2006) ( granting habeas relief to petitioner detained nineteen months because Nigeria refused to issue travel documents due to petitioner's HIV status).
- There is no removal agreement between the united states and a county. In these scenarios, courts have found that the lack of a formal agreement regarding repatriation, lack of diplomatic relationship, and lack of a functioning government support a finding that there is no significant likelihood of removal. See, e.g., Neguss v. Gonzales, No. 06-1382, 2007 WL 708615 (W.D. La. Mar. 1, 2007) (granting habeas relief to petitioner detained for approximately one year because the United states did not have a Repatriation agreement with Ethiopia and Ethiopia would not issue travel documents because one of petitioner's parents was not Ethiopian).
- There is either no response from a country designated for removal or a significant delay in receiving a response. See, e.g., Gonzalez-rondon v. Gillis, 5:19-cv-109- DCB-MTP, 2020 WL 3428983 (S.D. Miss. June 23, 2020) (granting habeas relief to petitioner detained thirteen months where there was no response from Venezuelan official's).
- ICE fails to take action to secure travel documents for a prolonged period. See, e.g., senor, 401 F. Supp. 3d at 430-31 ( granting habeas relief after ICE initially requested travel documents but where " there [wa]s no indication from the record that anyone ha[d] taken any further action in the eight months since that time... to facilitate senor's receipt of the necessary travel documents).

As the length of detention grows, the period of time that would be considered the "reasonably foreseeable future" shrinks. See, e.g., Zadvydas, 533 U.S at 701 (stating that as the length of time

in detention grows "what counts at the 'reasonable foreseeable future' conversely would have to shrink") Senor, 401 F. Supp. 3d at 430 ("'[T]he passage of time combined with' the 'government [being] no closer to … repatriating [a detainee] than they were once they first took him into custody' [is] sufficient to meet that 'initial burden.'") Lawrikow, 2009 WL 2905549, at *12.

Petitioner's continued detention is unlawful, and Petitioner is unlikely to be removed in the reasonably foreseeable future. Therefore, Petitioner's detention violates the statute and he is entitled to immediate release.

Petitioner's detention also violates the Due Process Clause. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. Amend. V. "Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty" that the Due Process Clause protects. Zadvydas, 533 U.S. at 690 ( citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)). Civil immigration detention violates due process if it is not reasonably related to its statutory purpose. See id. (citing Jackson v. Indiana, 406 U.S. 715, 738 (1972)). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention: to mitigate the risk of flight and prevent danger to the community. Id. Petitioner's prolonged civil detention, which has lasted well beyond the end of the removal period, and which is likely to continue indefinitely, is no longer reasonable related to the primary statutory purpose of ensuring imminent removal. Thus, Petitioner's detention violates Petitioner's right to due process.

CONCLUSION

In Conclusion, Petitioner's indefinitely detention violates the detention statute and is unconstitutional. Petitioner respectfully requests that this Court order the Respondents to show cause why the writ should not be granted "within three days unless for good cause additional time, not exceeding twenty days, is allowed," and set a hearing on this Petition within five days of the return, pursuant to 28 U.S.C.S. 2243 and grant the Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from their custody.

RESPECTFULLY SUBMITTED,
Herrera-Grillet, Iverson Jose

Iverson. H
SIGNATURE:

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Grant release under 28 U.S.C.S. 2241 from indefinite detention;

(c) Grant any other further relief that this Honorable Court deems just and appropriate.

JS 44 (Rev. 08/18)
## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
*Iverson Jose Herrera-Grillet*

### DEFENDANTS
*US Immigration And Customs Enforc.*

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE *12/05/24*
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____





Iverson Jose Herrera-Grillet
A# 241-989-047
Buffalo Federal Detention Facility
4250 Federal Drive
BATAVIA New York 14020

· Buffalo Federal Detention Facility

To: U.S. Courthouse
100 State Street
Rochester, New York 14614