UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IVERSON JOSE HERRERA-GRILLET

    Petitioner,

v.                                           DECISION AND ORDER

U.S. IMMIGRATION AND CUSTOMS         24-cv-06704-MAV
ENFORCEMENT BATAVIA FIELD OFFICE,

    Respondent.

_____

*Pro se* Petitioner Iverson Jose Herrera-Grillet brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 5, 2024, after having been detained by the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") since June 17, 2024. ECF Nos. 1, 4-3 at 1, 4. He alleges that his detention by ICE at the Buffalo Federal Detention Facility pending removal violates his rights under the Immigration and Nationality Act and the Fifth Amendment to the United States Constitution. ECF No. 1 at 1–7; *see* U.S. CONST., amend. V; 8 U.S.C. § 1231(a)(6); ECF No. 4-2 at 1.

On January 15, 2025, Respondent filed a motion to dismiss or, alternatively, for an extension on its time to answer. ECF No. 4. Petitioner did not respond. *See* ECF Nos. 8, 11. On April 8, Respondent's counsel filed a letter, stating "ICE has advised me that Petitioner Herrera-Grillet was removed from the United States, and released from ICE custody." ECF No. 12. The Court directed Respondent to file a

1

Warrant of Removal/Deportation, ECF No. 16, which Respondent submitted on May 1, ECF No. 18 at 2–3.

Given the Petitioner's removal, the Court *sua sponte* dismisses this action as moot. *Santos v. Garland*, No. 21-CV-6446-FPG, 2021 WL 6064388, at *1 (W.D.N.Y. Dec. 22, 2021); *see Bourdon v. Walker*, 453 F. Supp. 2d 594, 599 n.13 (N.D.N.Y. 2006) ("Federal courts must consider *sua sponte* matters, such as whether an action has become moot, that touch upon the court's subject matter jurisdiction."). A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Cuong Le v. Sessions*, No. 17-cv-1339, 2018 WL 5620290, at *2 (W.D.N.Y. Oct. 29, 2018); *see Martin-Trigona v. Skiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

To the extent a habeas petition challenges only the alien's continued detention, the petition becomes moot once the petitioner is removed. *See, e.g., Santos*, 2021 WL 6064388, at *1; *Torres v. Sessions*, No. 17-CV-1344, 2018 WL 5621475, at *2 (W.D.N.Y. Oct. 29, 2018) (collecting cases); *Garcia v. Holder*, No. 12 Civ. 3792, 2013 WL 6508832, at *2 (S.D.N.Y. Dec. 11, 2013) (same). "This is because the relief sought in the 'habeas proceeding—namely, release from continued detention in administrative custody—has been granted.'" *Santos*, 2021 WL 6064388, at *1 (quoting *Arthur v. DHS/ICE*, 713 F. Supp. 2d 179, 182 (W.D.N.Y. 2010)).

The Petitioner's action challenged only his continued detention. *See* ECF No. 1 at 7. In light of his removal, there is no additional relief that the Court can provide or that is needed to address his section 2241 petition. *See, e.g., Santos*, 2021 WL 6064388, at *1. The petition is moot and therefore beyond the Court's subject matter jurisdiction. *See id.*

## **CONCLUSION**

For the foregoing reasons, the Respondent's motion to dismiss (ECF No. 4) is DENIED AS MOOT, and the petition (ECF No. 1) is DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 5, 2025
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge